UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-789 SVW | | Date | April 1, 2014 |
|---|---|---|---|---|
| Title | Higinio Llamas v. Hanger Prosthetics & Orthotics, Inc., et al. | | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**     IN CHAMBERS ORDER REMANDING CASE TO STATE COURT

     Plaintiff Higinio Llamas filed a complaint in the Los Angeles County Superior Court against his former employer, Hanger Prosthetics & Orthotics, Inc., and his former supervisor, Jeremy Livingston, raising various claims under California's Fair Employment and Housing Act (FEHA).  Defendant Hanger removed the case alleging jurisdiction under 28 U.S.C. §1332(a).  Plaintiff moves to remand on the ground that there is incomplete diversity, as both he and Livingston are California citizens.

     28 U.S.C. § 1441 governs removal jurisdiction.  There is a "strong presumption" against it. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, defendant bears the burden of establishing jurisdiction.  *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  In this case, the existence of diversity jurisdiction depends on whether Livingston has been fraudulently joined.  *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987).  That question in turn depends on whether it is "obvious" under settled California law that plaintiff has no viable cause of action against Livingston. *Id.*  Principles of comity, federalism, and judicial economy counsel that fraudulent joinder should not provide defendants with a "broad[] license to escape from state court." *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc).  Parties may not expand federal jurisdiction by using removal based on purported fraudulent joinder as a substitute for a state court demurrer. *Cf. Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999) (Fraudulent joinder standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).") (citation and internal quotation marks omitted).  "In borderline situations, where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the case in state court." *Albi v. Street & Smith Publications*, 140 F.2d 310, 312 (9th Cir. 1944); *accord Mayes*, 198 F.3d at 466 (claim of fraudulent joinder is defeated so long as there is "a glimmer of hope" that plaintiff will prevail against defendant)

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-789 SVW | Date | April 1, 2014 |
|---|---|---|---|
| Title | Higinio Llamas v. Hanger Prosthetics & Orthotics, Inc., et al. | | |

JS - 6

(citation and internal quotation marks omitted).

The Complaint names Livingston and Hanger as defendants in his claim of harassment based on age and disability. Hanger argues that the claim against Livingston in his personal capacity is obviously meritless for two reasons. First, defendant argues that the alleged harassing behavior was neither severe nor pervasive. The allegations of the Complaint (Compl. ¶¶ 11-13, 30) are probably sufficient to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), but even this would be too strict a standard for evaluating whether a defendant has been fraudulently joined. *Mayes*, 198 F.3d at 464. In short, it is not "undisputably clear" that plaintiff's allegations fail to state a claim against Livingston under the FEHA. *Black Donuts, Inc. v. Sumitomo Corp. Of America*, CV 10-454 SVW, 2010 WL 9185024, at *3 (C.D. Cal. Mar. 3, 2010) (collecting cases of fraudulent joinder).

Defendant's other argument is that plaintiff's claim against Livingston is barred by the FEHA's one-year statute of limitations. It is undisputed that plaintiff filed his administrative complaint with the California Department of Fair Employment and Housing (DFEH) exactly one year minus a day after his termination. However, defendant argues that because plaintiff's last day in the workplace was on Friday, June 15, 2012 — one week before his termination — plaintiff could not have been exposed to any harassing behavior after June 15, 2012, so his FEHA complaint was filed one week late with respect to his claim against Livingston. Plaintiff responds that his claim is timely under California's version of the "continuing violation doctrine" as it applies to FEHA claims. *See Richards v. CH2M Hill*, 26 Cal. 4th 798, 823 (2001) (adopting "modified version" of the Fifth Circuit's multifactored test articulated in *Berry v. Board of Sup'rs of L.S.U.*, 715 F.2d 971 (5th Cir. 1983)).

The continuing violation doctrine tolls the limitations period for filing a DFEH complaint if an employer engages in repetitive violations of an employee's FEHA rights and the employer's actions: (1) were "sufficiently similar in kind," (2) "occurred with sufficient frequency," and (3) did not "acquir[e] a degree of 'permanence' so that employees [were] on notice that further efforts at informal conciliation with the employer to obtain accommodation or end harassment would be futile." *Richards*, 26 Cal. 4th at 802; *Acuna v. San Diego Gas & Electric Co.*, 217 Cal. App. 4th 1402, 1412-13 (2013). It is not clear whether all three factors must be present or this is instead a multi-factor weighing test. *See Richards*, 29 Cal. 4th at 815 (citing *Bullington v. United Airlines, Inc.*, 186 F.3d 1301, 1311 n.4 (10th Cir. 1999) for proposition that "*Berry* test not a bright-line test, and weight given to the factors varies according to the facts"). Moreover, the state courts have warned that "two of the three prongs of the modified *Berry* test — the requirements of similarity and permanence — are not to be taken literally." *Birschtein v. New United Motor Mfg., Inc.*, 92 Cal. App. 4th 994, 1005 (2001) (citing *Richards*, 29 Cal. 4th at 823). This is in part because courts have "tended toward a broader view of [the continuing violation doctrine] when the cause of action involves ongoing harassment." *Richards*, 26 Cal. 4th at

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-789 SVW | Date | April 1, 2014 |
|---|---|---|---|
| Title | Higinio Llamas v. Hanger Prosthetics & Orthotics, Inc., et al. | | |

JS - 6

817. The California Supreme Court has explained that FEHA's limitations period must be interpreted to promote "resolution of potentially meritorious claims on the merits" to carry out "the purpose of FEHA to safeguard the employee's right to hold employment without experiencing discrimination." *Id*. at 819 (quoting *Romano v. Rockwell Internat. Inc.,* 14 Cal. 4th 479, 493-94 (1996)). Here, there was nothing in Livingston's alleged acts of harassment that would have achieved the requisite "degree of permanence" to cause plaintiff to believe that reconciliation with Hanger was impossible, and the termination occurred only a week later, so the second and third factors support tolling. Defendant argues that a suit under FEHA based on workplace harassment is different from one based on unlawful termination, so the kinds of actions giving rise to liability in this case are not "sufficiently similar in kind." But plaintiff alleges that Livingston suggested to plaintiff that he retire because he was old, and then falsely told Hanger that Llamas wanted to retire. A week later, Hanger authorized his termination — telling plaintiff that he had expressed a desire to retire to Livingston — and it was Livingston himself who informed plaintiff of his termination. Defendant has failed to show that it is "obvious" that the state courts would not apply the continuing violation doctrine under these circumstances, where Livingston's alleged acts were intertwined with Hanger's, and where the alleged harassment included suggestions to retire, followed by a termination purportedly based on plaintiff's desire to retire.

For the foregoing reasons, defendant has not carried its burden of demonstrating that it is indisputably clear that the California courts would hold that the continuing violation doctrine does not preserve plaintiff's FEHA claim against Livingston. Defendant has therefore failed to rebut the strong presumption against removal jurisdiction. Accordingly, the Clerk shall REMAND this case to the Los Angeles County Superior Court.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |